UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE SAMPLE,

                Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
ED WALL, OFFICER SCHNEIDER,
OFFICER LARSON, K. SALINAS,
ROBERT HUMPHREYS, J. BRAUN,
M. GREENWOOD, B. HOMPE, and
C. O'DONNELL,

                Defendants.

Case No. 16-CV-1523-JPS

**ORDER**

      The plaintiff, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $7.67.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that he ordered at least one magazine from a list approved by the Wisconsin Department of Corrections (the "DOC"). (Docket #1 at 3). Upon receipt of the magazine, an "Officer Schneider" reviewed the publication himself and refused to give it to the plaintiff "because it [did] not meet his personal taste." *Id.* The plaintiff further alleges that an "Officer Larson" was involved in the denial as well. *Id.* at 5.

In its current form, the plaintiff's complaint fails to state any viable claims for relief. First, the only defendants who have any meaningful allegations attached to them are Schneider and Larsen. None of the other numerous defendants have any factual allegations tying them to any violation of law. Even as to Schneider and Larsen, the plaintiff fails to state when their allegedly improper review occurred. Further, though separately named as a defendant, the DOC itself is not a suable entity. *Walker v. Zunker*, 30 Fed. App'x 625, 628 (7th Cir. 2002). Second, the plaintiff's claims are undermined by the exhibits he has provided. They show that he ordered prohibited magazines and that they were appropriately denied pursuant to DOC policy. (Docket #1-1 at 1, 7-11). It is not clear how, if at all, Schneider and Larsen's actions are a part of, or separate from, that process. If the plaintiff intends to actually challenge the policy itself, he should know that the Seventh Circuit has upheld its application in a number of contexts. *See Van den Bosch v. Raemisch*, 658 F.3d 778, 785-86 and n.8 (7th Cir. 2011). Third, to the extent the plaintiff complains of having the magazines kept from him and being disposed of, his remedy is a lawsuit in state court for violation of prison policies or potentially for conversion. *See Rogers v. Morris*, 34 Fed. App'x 481, 482-83 (7th Cir. 2002).

Though it finds no viable claims in the current complaint, the Court will allow the plaintiff to amend it. If the plaintiff wants to proceed, he must file such an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **January 24, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. The plaintiff is advised that

the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda,* the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **January 24, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge