# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRENCE SAMPLE,<br><br>        Plaintiff,<br>v.<br><br>OFFICER SCHNEIDER and OFFICER LARSON,<br><br>        Defendants. | Case No. 16-CV-1523-JPS<br><br>**ORDER** |

  On January 3, 2017, the Court screened the plaintiff's original complaint. (Docket #8). The Court found that the plaintiff had not stated any viable claims for relief. *Id.* at 4. The Court struck the complaint and required the plaintiff to offer an amended complaint to continue this action. *Id.* at 4-5. On January 25, 2017, the plaintiff submitted an amended complaint. (Docket #10).

  As noted in its January 3, 2017 screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* (Docket #8 at 1); 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The same standards cited in the original screening order apply here. (Docket #8 at 1-3).

  In his amended complaint, the plaintiff alleges that he ordered seven magazines in June 2016, three from Wall Periodicals Bookstore and four from Harlem World Bookstore. (Docket #10 at 4). He believes that those magazines

arrived but were held, in violation of the prison's mail policy, because Officer Schneider ("Schneider") determined that one of the Wall Periodicals magazines was on the Wisconsin Department of Corrections ("DOC") "denied publications list." *Id.* This is a running list of books and magazines that the DOC has determined should not be permitted in its prisons for various security and disciplinary reasons. *See* (Docket #8 at 4). The plaintiff was apparently allowed to receive the remaining two Wall Periodicals magazines. (Docket #10 at 4).

The plaintiff also inquired about his Harlem World magazines. *Id.* They too were being held pending review "by someone from Madison." *Id.* The plaintiff thereafter filed an inmate complaint about his mail being held. *Id.* He was called to the mail room by Officer Larson ("Larson"), apparently in response to the complaint. *Id.* Larson told the plaintiff that all of the Harlem World magazines were on the denied publications list. *Id.* at 4-5. The plaintiff went to the library to review that list and discovered that one of them was permitted. *Id.* He also found that Larson had falsely labeled one magazine, which was not on the list, as another which *was* on the list, in order to keep it from the plaintiff. *Id.*

Finally, the plaintiff alleges that Larson overcharged him for sending a magazine back, "[w]hich shows that from the 1st encounter with Officer Larson he had something personal against me early on." *Id.* at 5-6. The plaintiff requests the following relief: 1) reimbursement of $47.99 for the denied magazines, which were apparently destroyed by the prison, 2) his filing fee in this matter, and 3) "$1000.00 compensation." *Id.* at 3.

At the outset, the Court notes that it has generously reviewed the plaintiff's initial complaint and the exhibits thereto in assessing this complaint, as he appears to rely on them in the amended complaint. *See*

(Docket #1-1). As noted in the Court's first screening order, a prior complaint and all its attachments are superceded by an amended complaint and so should not be considered by the Court in assessing an amended complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). Even viewing the old documents, however, does not save the plaintiff's amended complaint.

The plaintiff does not identify any legal basis for his lawsuit in the amended complaint. The Court is thus left to determine what grounds could possibly obtain him the relief he seeks. The initial complaint references procedural due process in denying the plaintiff his magazines. (Docket #1 at 4). Assuming that continues to be a basis for relief in the amended complaint, the plaintiff fails to state such a claim. The relevant law is well-summarized by Judge Adelman:

> The Due Process Clause of the Fourteenth Amendment "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Germano v. Winnebago County*, 403 F.3d 926, 928 (7th Cir. 2005) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). Thus, when property is taken by government action, due process generally requires that the government provide an "opportunity to present reasons, either in person or in writing, why proposed action should not be taken...." *Germano*, 403 F.3d at 928 (quoting *Cleveland*, 470 U.S. at 546).
>
> An individual is entitled to an opportunity for a hearing before the state permanently deprives him of his property. *Parratt v. Taylor*, 451 U.S. 527, 540 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). However, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533

> (1984). In determining whether alleged conduct was "random and unauthorized," the court considers whether the conduct was predictable. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). Predictability is determined both by the amount of discretion exercised by an official as well as the extent to which that discretion is uncircumscribed. *Id.* In *Parratt*, after a prison inmate did not receive hobby materials he had ordered because normal procedures for the handling of mail at the prison were not followed, he claimed that the conduct of the prison officials deprived him of property without due process of law. [*Parratt*,] 451 U.S. at 530. The Supreme Court explained that although the state had deprived the inmate of property, "the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure." *Id.* at 543.
>
> Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. See Wis. Stat. §§ 893.35 and 893.51. If a deprivation of property did not occur as the result of some established procedure and state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied. *Parratt*, 451 U.S. at 543–44; see also *Hamlin*, 95 F.3d at 585 (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context).

*Johnson v. Wallich*, No. 13-CV-614-LA, 2013 WL 5651385 at *2-3 (E.D. Wis. Oct. 15, 2013). This law applies precisely to the plaintiff's complaint. He alleges not that Schneider and Larson followed DOC's mail policy, but that they *did not* follow it in order to withhold his magazines. Their conduct, then, was of the "random and unauthorized" sort identified by *Hudson*. Further, as the Court noted in the original screening order, a tort action is available to the plaintiff in Wisconsin state court to recover for the disposed magazines. *See Rogers v. Morris*, 34 Fed. App'x 481, 482-83 (7th Cir. 2002). The plaintiff has therefore failed to present a viable due process claim.

The other potentially relevant constitutional basis for the plaintiff's complaint is the First Amendment. For this claim, Judge Reagan provides an excellent primer:

> The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. *See generally Thornburgh v. Abbott*, 490 U.S. 401 (1989) (discussing the scope of a prisoner's First Amendment rights and collecting cases on the framework to be used to assess mail screening mechanisms); *Turner v. Safely*, 482 U.S. 78 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[a] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"). The Seventh Circuit has held that "[t]he free-speech clause of the First Amendment applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (citing *Martin v. Brewer*, 830 F.2d 76, 76 (7th Cir. 1987)). To assert a cause of action for interference with or denial of one's mail under the First Amendment, a prisoner must "allege[ ] a continuing pattern or repeated occurrences of such conduct." *Id.* (citing *Sizemore v. Williford*, 829 F.2d 608, 609 (7th Cir. 1987)).
>
> . . .
>
> Here, Harmon has failed to state a claim against any named defendant for violating his First Amendment rights because he has not identified a pattern of repeated occurrences. His complaint alleges a single rejection in April 2015 of a catalogue containing thumbnail images. *See Zimmerman*, 226 F.3d at 572; *Sizemore*, 829 F.3d at 610-11. He asserts that the defendants deemed the images violative of prison policy because they contained nudity, though the images did not, by his account, depict nudity. Regardless of the contents of the images in question, Harmon's claim fails because he complains of a one-time issue.

*Harmon v. Walton*, No. 15-CV-1351-MJR, 2016 WL 5243005 at *2-3 (S.D. Ill. Sept. 22, 2016). Here, the plaintiff does not challenge the denied publications

policy itself, but merely Schneider and Larson's alleged abuse thereof. Their actions, however, were isolated. The plaintiff has not identified a pattern of conduct, but instead complains of problems with one batch of magazines he ordered in June 2016. This is insufficient to state a First Amendment claim. Because the plaintiff has failed to present any viable causes of action after being given an opportunity to amend his complaint, this action must now be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
District Judge